UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAYMOND AMBROSE GOODNOW,

    Plaintiff,

v.                                                Case No. 2:09-CV-129

COUNTY OF ROSCOMMON,            HON. GORDON J. QUIST

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DENYING MOTION TO VACATE

On November 2, 2009, Magistrate Judge Greeley issued a report and recommendation recommending that Plaintiff's complaint be dismissed for failure to state a claim. Plaintiff initially filed a complaint for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, which sought to indirectly attack Plaintiff's state court conviction for criminal sexual conduct through a declaration that the old statutory rape statute was unconstitutionally altered by Public Act 266 of 1974. On June 26, 2009, the magistrate judge ordered Plaintiff to pay the $5.00 filing fee for a petition for writ of habeas corpus. Plaintiff responded by filing a motion to amend his complaint to remove any and ally challenges to the fact or duration of his confinement. Plaintiff requested that his action not be construed as a habeas petition, but rather as a civil declaratory judgment action. The magistrate judge granted Plaintiff's motion to amend on September 30, 2009, and allowed the action to proceed as a civil action.

After reviewing Plaintiff's amended complaint, the magistrate judge recommended that it be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42

U.S.C. § 1997e(c) because Plaintiff is, in fact, challenging the fact or duration of his incarceration, rendering Plaintiff's civil declaratory judgment claim improper. Thus, the claim is really one for habeas relief under 28 U.S.C. § 2254.

Plaintiff has filed a motion to vacate report and recommendation, which the Court will construe as an objection to the report and recommendation. Plaintiff states that the report and recommendation is invalid because the magistrate judge was acting under a conflict of interest. Plaintiff fails to describe the nature of the alleged conflict of interest. To the extent Plaintiff claims the magistrate judge's adverse legal rulings are the basis for the alleged conflict of interest, this argument is without merit. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994) (stating that judicial rulings "almost never constitute a valid basis for a bias or partiality motion" under 28 U.S.C. § 455(a) (requiring disqualification where impartiality might reasonably be questioned)); *United States v. Colon*, 961 F.2d 41, 44 (2d Cir. 1992) (stating that "earlier adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality"). This argument is thus without merit.

Plaintiff further contends that his complaint for declaratory judgment is valid under the Supreme Court's decision in *Steffel v. Thompson*, 415 U.S. 452, 94 S. Ct. 1209 (1974), but Plaintiff's reliance on *Steffel* is totally misplaced. The plaintiff in *Steffel* was a war protestor who, unlike Plaintiff, had not been convicted of a crime and imprisoned. Rather, the plaintiff had been threatened with a criminal prosecution in connection with the exercise of his First Amendment rights. He thus sought a declaratory ruling that application of the criminal trespass statute to his activities would be unconstitutional. The plaintiff in *Steffel* therefore sought declaratory relief based upon a well-founded fear of criminal prosecution. Plaintiff, in contrast, has been convicted and is

2

challenging the statute on which his conviction is based. His complaint is thus properly dismissed because it seeks habeas relief. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 2, 2009 (docket no. 10) is **APPROVED AND ADOPTED** as the Opinion of this Court. Plaintiff's complaint is **dismissed** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). In addition, the Court finds no good faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Expedited Consideration to Vacate and Strike Report and Recommendation (docket no. 12) is **DENIED**.

This case is **concluded**. A separate judgment will issue.


Dated: January 14, 2010 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE